IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PAUL MILLER, JAMES CAFFEY, NATHAN FARISH, ROBERT NICHOLS, and GEORGE ROGERS,<br>*Plaintiffs,*<br><br>v.<br><br>BRENT STROMAN, MANUEL CHAVEZ, ABELINO "ABEL" REYNA, CITY OF WACO, TEXAS, MCLENNAN COUNTY, TEXAS, ROBERT LANNING, JEFFREY ROGERS, PATRICK SWANTON, STEVEN SCHWARTZ, and CHRISTOPHER FROST,<br>*Defendants.* | CIVIL NO. 1-19-CV-00475-ADA |

## ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE EXHIBITS USING EXTRINSIC EVIDENCE

Before the Court is Plaintiffs' Motion to Strike Defendant Reyna and McLennan County's Exhibits and Arguments Using Extrinsic Evidence in Support of Their Motion to Dismiss. ECF No. 16. Defendants Abel Reyna and McClennan County ("Defendants") filed a response to the Motion on November 11, 2019. ECF No. 19. Plaintiffs filed their reply on November 18, 2019. ECF No. 20. After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Plaintiffs' Motion should be **GRANTED**.

### I. BACKGROUND

This case stems from the Twin Peaks restaurant incident on May 17, 2015. Members of the Bandidos and Cossacks Motorcycle Clubs, along with hundreds of other motorcycling enthusiasts, converged on the restaurant. Tensions between the Bandidos and Cossacks erupted in a shootout that left nine dead and many injured. In the aftermath of the incident, police

1

arrested 177 individuals on charges of Engaging in Organized Criminal Activity. The probable cause affidavit in support of the arrest warrants was the same for each of the 177 arrestees, and a justice of the peace set bond for each of the arrestees at one million dollars. Only one of the criminal cases ever went to trial (the defendant in that case is not a party to the instant action), and those proceedings ended in a mistrial. The state eventually dropped all remaining charges against the arrestees. The Plaintiff in this case was arrested pursuant to the same probable cause affidavit as the other arrestees.

The Plaintiff brings this case pursuant to 42 U.S.C. § 1983. He alleges that the defendants violated his Fourth Amendment rights by obtaining arrest warrants based on an affidavit that lacked probable cause. Plaintiff also alleges that the defendants violated his Fourteenth Amendment due process right to be free from unlawful arrest. Plaintiff alleges that the Defendants conspired to commit these violations.

Defendants attached to their Rule (12)(b)(6) Motion to Dismiss six Exhibits, specifically: (1) the Fourth Superseding Indictment in *United States v. Portillo and Pike*; (2) a transcript of the hearing on a motion to disqualify the McLennan County D.A's Office in an underlying criminal case arising from the Twin Peaks incident; (3) a transcript of the hearing on an examining trial in the criminal cases against Morgan English and William English that arose from the Twin Peaks incident; (4) the criminal verdict and judgment against John Xavier Portillo; (5) the criminal verdict and judgment against Jeffrey Fay Pike; and (6) the judgment of conviction of Howard Baker. Plaintiffs have objected to these Exhibits, asking the Court to strike them or, alternatively, covert Defendants' Rule 12(b)(6) Motion into a motion for summary judgment and allow Plaintiffs to conduct discovery.

## II.     LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). Specifically, the court can "rely on documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Id.* "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## III.     ANALYSIS

Plaintiffs argue that the Court should not consider the extrinsic evidence in the Motion to Dismiss because it does not conform to FED. R. EVID. 201. ECF No. 16 at 3. Plaintiffs contend that the Exhibits consist of factual conclusions that the Parties dispute and legal determinations that do not conform to FED. R. EVID. 201. *Id.* at 4. Additionally, Plaintiffs argue that if the extrinsic evidence does conform to FED. R. EVID. 201, then the Court should strike the evidence because they contain unsubstantiated hearsay and are irrelevant to Plaintiffs' causes of action. *Id.* at 6. Lastly, Plaintiffs argue that if the Court does not strike the extrinsic evidence, then the Court must consider Defendants' Motion as one seeking summary judgment. *Id.* at 7. Specifically, Plaintiffs argue that, according to FED. R. CIV. P. 12(d), if matters outside the pleadings are presented to and not excluded by the Court, the Motion must be treated as one for summary judgment. *Id.* at 7–8.

In response, Defendants first argue that the Court should not convert the Motion to Dismiss into a summary judgment motion because all of the Exhibits are public records. ECF No. 19 at 2. Second, Defendants argue that the Court may consider any matter of public record. *Id.* at 3. That said, Defendants contend that the information in the Exhibits is relevant to the Motion to Dismiss because it gives insight into the state of mind of law enforcement during the Twin Peaks incident. *Id.* at 5. Additionally, Plaintiffs' pleadings establish the relevance of the information because Plaintiffs refer to law enforcement's awareness of the friction between the two motorcycle clubs. *Id.* at 5–6. Lastly, Defendants point out that Plaintiffs expressly refer to portions of the Exhibits in their Complaint, so the Court should consider the Exhibits in their entirety. *Id.* at 7.

In their reply, Plaintiffs reject Defendants argument that the Court can consider all matters of public record as extrinsic evidence in a motion to dismiss. ECF No. 20 at 2.

As a preliminary matter, the Court notes that regardless of the decision to strike the Exhibits or not, the Court will not (and has not used) use the Exhibits in deciding the Motion to Dismiss. Plaintiffs' Fourth Amendment claims fail to overcome the independent intermediary doctrine and do not fall within the taint exception. The Court does not need to consider the Exhibits when deciding the independent intermediary doctrine; therefore, the Exhibits are not relevant to the ultimate determination of the threshold issue.

At any rate, the Court finds that Defendants did not appropriately use the public records in accordance with FED. R. EVID. 201(b). Typically, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, courts may also consider matters of which they may

take judicial notice. *Id.* at 1017–18; *see* Fed R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Judicial notice is reserved for "self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).

Defendants argue that the Court can take judicial notice of any public record, regardless of whether the public record is relevant to the issue of the case. The Court finds that this argument has no merit. In *Funk v. Stryker Corp.*, the Fifth Circuit held that the district court took appropriate judicial notice of publicly available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand. *See Funk*, 631 F.3d at 783. Furthermore, in *Lovelace v. Software Spectrum*, the Fifth Circuit adopted a new rule that allowed courts to consider the contents of relevant public disclosure documents when deciding a motion to dismiss for securities fraud. *See Lovelace*, 78 F.3d at 1018. Both cases mention the importance of the public record and its relevance to the issue of the case. Defendants, however, show no support that this relevance is unnecessary. Therefore, the Court will only take judicial notice of public records that are relevant to the claim.

The Court agrees with the Plaintiffs that the Defendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss. As Fed. R. Evid. 201(b) states, "a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). To illustrate, in *Lovelace*, the Fifth Circuit allowed the judicial notice of public disclosure documents that the defendant filed with the SEC. *Lovelace*, 78 F.3d at 1018. The court used the documents only to determine what statements they contained, not to prove the truth of the contents. *Id.* Additionally, in *Funk*, the Fifth Circuit

allowed the judicial notice of a letter from the FDA to the defendant. *Funk*, 631 F.3d at 782. The letter indicated merely that the defendant went through the FDA pre-market approval process. *Id.* Conversely, in this case, the contested Exhibits include statements about highly disputed inferences that the Bandidos are a criminal organization and that the Plaintiffs associate with criminal street gang members.

Overall, since the Defendants' Exhibits do not conform with Fed R. Evid. 201(b), the Court will not consider the Exhibits at the motion to dismiss stage. Because this issue is dispositive, the Court need not consider whether the Exhibits contain hearsay or whether the Motion should be converted into a motion for summary judgment. Accordingly, the Court strikes the Exhibits to Defendants Reyna and McClennan County's Motion to Dismiss, as well as all arguments that are premised on them.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike Defendants' Exhibits and Arguments Using Extrinsic Evidence in Support of Their Motion to Dismiss (ECF No. 16) is **GRANTED**. **SIGNED** this 14th day of May 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE